JUDGE PETERS
delivered the opinion of the court.
Appellant in bis answer, to which a demurrer was sustained, alleges that T. G. Morton was the principal obligor in the note sued on, and that he was surety, which fact appellee knew when *583 the note was executed; that about the 12th of August, 1868, appellee made a written contract with said Morton, whereby he purchased sixty well-fatted hogs from Morton which he then owned, to be received between the 8th and 10th of December, 1868, for which appellee was to pay the market price, and the note sued upon, on the delivery of the hogs, was to be delivered up by appellee as paid, and received by Morton as part pay for», the hogs; that he (appellant) was instrumental in procuring said sale to be made, in order to secure the payment of said note and to relieve himself from his responsibility therefor; that appellee and Morton subsequently changed the place of the delivery of said hogs to Louisville, and the time to the 25th of December, 1868, without appellant’s knowledge, but that at the time and place last agreed upon Morton did deliver said hogs to appellee, and after having received them he permitted Morton to sell them and to retain the price, which was one thousand and two hundred dollars, except four hundred and twenty-five dollars, which Morton paid over to appellee, and said four hundred and twenty-five dollars were credited on said note; that said hogs were of value greatly more than sufficient to pay said note, and that appellee permitted Morton to withhold the money received for them, or so much thereof as was necessary to discharge said note, without his knowledge or consent; and therefore insists he is released from any obligation to pay said note, Morton being insolvent.
Whether the demurrer was properly sustained to the answer is the only question presented by this appeal.
We are not aware that this question has" heretofore been adjudicated by this court. In Miller v. Stewart, 9 Wheat. 680, the Supreme Court of the United States held that the surety is discharged not only by payment of the debt, or the release of the principal, but by any material change in the relations between the principal and the party to whom he owes the debt, and that the surety can not be held bound in such case *584 by showing that the change was not injurious to him; for he had a right to judge for himself of the circumstances under which he was willing to be liable, and to stand upon the very terms of his contract. In 2 Parsons on Contracts, 18, it is said: “Anything that operates as a novation discharges the surety; so if a new note be given in discharge of a former one.” •A fortiori, it would seem that if property of value more than sufficient to pay the debt be delivered to the creditor in discharge thereof, and he afterward permitted the principal debtor to sell the property and retain the price, the surety will be discharged, for he thereby contracts a new debt with his principal debtor, to which the surety is no party, and he can not hold him bound for the former debt, because it has been satisfied.
Taking therefore the allegations of the answer to be true, as must be done in adjudicating on the demurrer to it, they constitute a good defense to the action.
Wherefore the judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the answer and for further proceedings consistent with this opinion.